UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charles Mendes<br>**Plaintiff**<br><br>V.<br>**Osprey Ship Management, Inc. and**<br>**United States of America,**<br>**Defendants** | **05 10912 DPW**<br><br>RECEIPT #_____<br>Civil Action AMOUNT $_____ N/A_____<br>No. ____ SUMMONS ISSUED ____<br>LOCAL RULE 4.1 ____<br>WAIVER FORM ____<br>MCF ISSUED ____<br>BY DPTY. CLK ____<br>DATE ____ |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states: ᴛᴜᴀ
MAGISTRATE JUDGE____

### PARTIES

1.      The Plaintiff, Charles Mendes, is a resident of 4001 North Main Street, Fall River,

MA 02720.

2.      The Defendant, Osprey Ship Management, Inc., is a corporation, duly organized

and existing under the laws of the State of Maryland with a principal place of business at 6550

Rock Spring Drive, Suite 300, Bethesda, MD 20817.

### GENERAL FACTUAL ALLEGATIONS

3.      On or about June 25, 2003, the Defendant, Osprey Ship Management, Inc., was

doing business within the Commonwealth of Massachusetts.

4.      On or about 2003, the Defendant, Osprey Ship Management, Inc., was doing

business within the Commonwealth of Massachusetts.

5.      On or about June 25, 2003, the Plaintiff, Charles Mendes, was employed by the

Defendant, Osprey Ship Management, Inc..

6.  On or about June 25, 2003, the Plaintiff, Charles Mendes, was employed by the Defendant, Osprey Ship Management, Inc., as a seaman, and a member of the crew of the USNS 1ST LT. HARRY L. MARTIN.

7.  On or about June 25, 2003, the Defendant, Osprey Ship Management, Inc., owned the USNS 1ST LT. HARRY L. MARTIN.

8.  The Defendant, Osprey Ship Management, Inc., chartered the USNS 1ST LT. HARRY L. MARTIN from some other person or entity such that on or about June 25, 2003 the Defendant, Osprey Ship Management, Inc. was the owner pro hac vice of the USNS 1ST LT. HARRY L. MARTIN.

9.  On or about June 25, 2003, the Defendant, Osprey Ship Management, Inc., operated the USNS 1ST LT. HARRY L. MARTIN.

10.  On or about June 25, 2003, the Defendant, Osprey Ship Management, Inc., or the Defendant's agents, servants, and/or employees, controlled the USNS 1ST LT. HARRY L. MARTIN.

11.  On or about June 25, 2003, the Plaintiff, Charles Mendes, was employed by the Defendant, United States of America.

12.  On or about June 25, 2003, the Plaintiff, Charles Mendes, was employed by the Defendant, United States of America, as a seaman, and a member of the crew of the USNS 1ST LT. HARRY L. MARTIN.

13.  On or about June 25, 2003, the Defendant, United States of America, owned the USNS 1ST LT. HARRY L. MARTIN.

2

14.     The Defendant, United States of America, chartered the USNS 1ST LT. HARRY

L. MARTIN from some other person or entity such that on or about June 25, 2003 the Defendant,

United States of America was the owner pro hac vice of the USNS 1ST LT. HARRY L.

MARTIN.

15.     On or about June 25, 2003, the Defendant, United States America, operated the

USNS 1ST LT. HARRY L. MARTIN.

16.     On or about June 25, 2003, the Defendant, United States America or the

Defendant's agents, servants, and/or employees, controlled the USNS 1ST LT. HARRY L.

MARTIN.

17.     During the course of the litigation, upon information and belief, the USNS 1ST LT.

HARRY L. MARTIN will not be in the territorial waters of the United States.

18.     On or about June 25, 2003, the USNS 1ST LT. HARRY L. MARTIN was in

navigable waters.

19.     On or about June 25, 2003, while in the in the performance of his duties in the

service of the USNS 1ST LT. HARRY L. MARTIN, the Plaintiff, Charles Mendes, sustained

personal injuries.

20.     Prior to and at the time he sustained the above-mentioned personal injuries, the

Plaintiff, Charles Mendes, was exercising due care.

## JURISDICTION

21.     This Court has subject matter jurisdiction over this matter pursuant to the

Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §688 et. seq.

22.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§1331, 28 U.S.C. §1332 and 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. §741 et seq.

and the Public Vessels Act, 46 U.S.C. §781 et seq.

## COUNT I

### Charles Mendes v. Osprey Ship Management, Inc.

### (JONES ACT NEGLIGENCE)

23.    The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1

through 22 above.

24.    The personal injuries sustained by the Plaintiff, Charles Mendes, were not caused

by any fault on his part but were caused by the negligence of the Defendant, its agents, servants

and/or employees.

25.    As a result of said injuries, the Plaintiff, Charles Mendes, has suffered pain of

body and anguish of mind, lost time from his usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

26.    This cause of action is brought under the Merchant Marine Act of 1920,

commonly called the Jones Act.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant,

Osprey Ship Management, Inc., in the amount of FIVE HUNDRED THOUSAND DOLLARS

($500,000.00), together with interests and costs.

## COUNT II

### Charles Mendes v. Osprey Ship Management, Inc.

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

27.    The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1 through 22 above.

28.    The personal injuries sustained by the Plaintiff, Charles Mendes, were due to no fault of his, but were caused by the Unseaworthiness of the USNS 1ST LT. HARRY L. MARTIN.

29.    As a result of said injuries, the Plaintiff, Charles Mendes has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

30.    This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, Osprey Ship Management, Inc., in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interests and costs.

## COUNT III

### Charles Mendes v. Osprey Ship Management, Inc.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

31.    The Plaintiff, Charles Mendes, reiterates all of the allegations set forth in Paragraphs 1 through 22 above.

32.    As a result of the personal injuries described in paragraph 19 above, the Plaintiff,

Charles Mendes, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, Osprey Ship Management, Inc., in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for maintenance and cure, together with costs and interest.

## COUNT IV

### Charles Mendes vs. Osprey Ship Management, Inc.

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

33.    The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1 through 22 above.

34.    As a result of the personal injuries described in paragraph 19 above, the Plaintiff, Charles Mendes, has incurred and will continue to incur expenses for his maintenance and cure.

35.    The Plaintiff, Charles Mendes, has made demand upon the Defendant, Osprey Ship Management, Inc., for the provision of maintenance and cure.

36.    The Defendant, Osprey Ship Management, Inc., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

37.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical

and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, Osprey Ship Management, Inc., in the amount of TWO HUNDRED THOUSAND DOLLARS, ($200,000.00), as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

## COUNT V

### Charles Mendes v. United States of America

### (JONES ACT NEGLIGENCE)

38.     The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1 through 22 above.

39.     The personal injuries sustained by the Plaintiff, Charles Mendes, were not caused by any fault on his part but were caused by the negligence of the Defendant, their agents, servants and/or employees.

40.     As a result of said injuries, the Plaintiff, Charles Mendes, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

41.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, United States of America, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interest and costs.

## COUNT VI

**Charles Mendes v. United States of America**

**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

42.     The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1 through 22 above.

43.     The personal injuries sustained by the Plaintiff, Charles Mendes, were due to no fault of his, but were caused by the Unseaworthiness of the USNS 1ST LT. HARRY L. MARTIN.

44.     As a result of said injuries, the Plaintiff, Charles Mendes has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

45.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count V.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, United States of America, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interest and costs.

## COUNT VII

**Charles Mendes v. United States of America**

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

46.     The Plaintiff, Charles Mendes, reiterates all of the allegations set forth in Paragraphs 1 through 22 above.

47.     As a result of the personal injuries described in paragraph 19 above, the Plaintiff,

Charles Mendes, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant, United States of America, in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), for maintenance and cure, together with costs and interest.

## COUNT VIII

### Charles Mendes v. United States of America

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

48.    The Plaintiff, Charles Mendes, reiterates the allegations set forth in paragraphs 1 through 22 above.

49.    As a result of the personal injuries described in paragraph 19 above, the Plaintiff, Charles Mendes, has incurred and will continue to incur expenses for his maintenance and cure.

50.    The Plaintiff, Charles Mendes, has made demand upon the Defendant for the provision of maintenance and cure.

51.    The Defendant have negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

52.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Charles Mendes, demands judgment against the Defendant,

United States of America, in the amount of TWO HUNDRED THOUSAND DOLLARS

($200,000.00), as compensatory damages for failure to pay maintenance and cure, together with

costs, interest, and reasonable attorneys fees.


PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS I - VIII.



Respectfully submitted for the
the Plaintiff, Charles Mendes,
by his attorney,


Carolyn M. Latti, Esq.  BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Dated: 5 -2-05

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Charles Mendes

**DEFENDANTS**
Osprey Ship Management, Inc., and United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carolyn M. Latti, BBO #567394, Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109  (617) 523-1000

ATTORNEYS (IF KNOWN)

05 10912 DPW

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment Of Veterans Benefits<br>☐ 160 Stockholders. Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers. Liability<br>☒ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ref. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS  Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (Specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
46 USC Sec 688 et. seq., 28 USC, Sec 1331, 28 USC, Sec. 1332, 28 USC, Sec 1333, 46 USC Sec 741 et seq, 46 USC, Sec 781 et. seq.

## VII. REQUESTED IN complaint:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $1,600,000.00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions)
JUDGE _____    DOCKET NUMBER _____

DATE  5-2-05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___MENDES, CHARLES V. OSPREY SHIP MANAGEMENT, INC., ET AL

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    \*Also complete AO 120 or AO 121
    740, 790, 791, 820\*, 830\*, 840\*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    _X_    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
    380, 385, 450, 891.

    ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660
    690, 810, 861-865, 870, 871, 875, 900.    **05 10912 DPW**

    ___    V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.   NONE

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐    NO ☒

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☒    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___CAROLYN M. LATTI, LATTI & ANDERSON LLP

ADDRESS _____30-31 UNION WHARF, BOSTON, MA 02109

TELEPHONE NO. ___(617) 523-1000

(Coversheetlocal[1].wpd - 10/17/02)