UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES MENDES,<br>    Plaintiff, | CIVIL ACTION<br>NO: 05-10912-DPW |
| VS. | |
| OSPREY SHIP MANAGEMENT, INC.<br>and THE UNITED STATES OF AMERICA,<br>    Defendants. | |

### DEFENDANT, THE UNITED STATES OF AMERICA'S, ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the defendant, the United States of America, and answers Plaintiff's Complaint and Demand for Jury Trial as follows:

## PARTIES

1. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits the allegations contained in Paragraph No. 2.

## GENERAL FACTUAL ALLEGATIONS

3. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 and therefore denies same.

4. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 and therefore denies same.

5. The defendant admits that the plaintiff was employed by Osprey Ship Management, Inc. as agent for the defendant, United States of America.

6. The defendant admits that the plaintiff was employed by Osprey Ship Management, Inc. as agent for the defendant, United States of America, and that he was a seaman and member of the crew of USNS 1ST. LT. HARRY L. MARTIN.

7. The defendant denies the allegations contained in Paragraph No. 7.

8. The defendant denies the allegations contained in Paragraph No. 8.

9. The defendant admits that Osprey Ship Management, Inc. operated the USNS 1ST. LT. HARRY L. MARTIN as agent for the defendant, United States of America.

10. The defendant admits that Osprey Ship Management, Inc. and its agents, servants, and employees, controlled the USNS 1ST. LT. HARRY L. MARTIN as agent for the defendant, United States of America.

11. The defendant admits that the plaintiff, Charles Mendes, was at all material times employed by Osprey Ship Management, Inc. as agent for the defendant, United States of America.

12. The defendant admits that the plaintiff, Charles Mendes, was at all material times employed by Osprey Ship Management, Inc. as agent for the defendant, United States of America and that he was a seaman and member of the crew of USNS 1ST. LT. HARRY L. MARTIN.

13. The defendant admits the allegations contained in Paragraph No. 13.

14. The defendant denies the allegations contained in Paragraph No. 14.

15. The defendant admits that Osprey Ship Management, Inc. operated the USNS 1ST. LT. HARRY L. MARTIN as agent for the defendant, United States of America.

16. The defendant admits the allegations contained in Paragraph No. 16.

17. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 and therefore denies same.

18. The defendant is without personal knowledge or information sufficient to form a belief as to the

      truth of the allegations contained in Paragraph No. 18 and therefore denies same.

19. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 and therefore denies same.

20. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 and therefore denies same.

### **JURISDICTION**

21. Paragraph No. 21 contains legal allegations and conclusions not requiring a response, but to the extent that a response is required, the defendant denies the allegations contained therein.

22. Paragraph No. 22 contains legal allegations and conclusions not requiring a response, but to the extent that a response is required, the defendant denies the allegations contained therein.

## COUNT I

### *CHARLES MENDES vs. OSPREY SHIP MANAGEMENT, INC.*
### *(JONES ACT NEGLIGENCE)*

23. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

24. The allegations contained in Paragraph No. 24 are not directed at this defendant and, therefore, no response is required on its behalf. To the extent that a response is required, the defendant denies the allegations contained therein.

25. The allegations contained in Paragraph No. 25 are not directed at this defendant and, therefore, no response is required on its behalf. To the extent that a response is required, the defendant denies the allegations contained therein.

26. The allegations contained in Paragraph No. 26 are not directed at this defendant and, therefore, no response is required on its behalf. To the extent that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss with prejudice Count I together with costs and reasonable attorney's fees.

## COUNT II

*CHARLES MENDES vs. OSPREY SHIP MANAGEMENT, INC.*
*(GENERAL MARITIME LAW - UNSEAWORTHINESS)*

27. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

28. The allegations contained in Paragraph No. 28 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

29. The allegations contained in Paragraph No. 29 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

30. The allegations contained in Paragraph No. 30 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent

that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss with prejudice Count II together with costs and reasonable attorney's fees.

### COUNT III

#### *CHARLES MENDES vs. OSPREY SHIP MANAGEMENT, INC.*
#### *(GENERAL MARITIME LAW – MAINTENANCE & CURE)*

31. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

32. The allegations contained in Paragraph No. 32 are not directed at this defendant and, therefore, no response is required on its behalf. To the extent that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss with prejudice Count III together with costs and reasonable attorney's fees.

## COUNT IV

### CHARLES MENDES vs. OSPREY SHIP MANAGEMENT, INC.
*(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE & CURE)*

33. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

34. The allegations contained in Paragraph No. 34 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

35. The allegations contained in Paragraph No. 35 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

36. The allegations contained in Paragraph No. 36 are not directed at this defendant and, therefore, no response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

37. The allegations contained in Paragraph No. 37 are not directed at this defendant and, therefore, no

response is required on its behalf.  To the extent that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss with prejudice Count IV together with costs and reasonable attorney's fees.

### COUNT V

### CHARLES MENDES vs. THE UNITED STATES OF AMERICA
### *(JONES ACT NEGLIGENCE)*

38. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

39. The defendant denies the allegations contained in Paragraph No. 39.

40. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 and therefore denies same.

41. Paragraph No. 41 contains legal allegations and conclusions not requiring a response, but to the extent that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss with prejudice Count V together with costs and reasonable attorney's fees.

### COUNT VI

### CHARLES MENDES vs. THE UNITED STATES OF AMERICA
*(GENERAL MARITIME LAW - UNSEAWORTHINESS)*

42. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

43. The defendant denies the allegations contained in Paragraph No. 43.

44. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 and therefore denies same.

45. Paragraph No. 45 contains legal allegations and conclusions not requiring a response, but to the extent that a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, The United States of America, prays that this Honorable Court dismiss with

prejudice Count VI together with costs and reasonable attorney's fees.

## COUNT VII

### CHARLES MENDES vs. THE UNITED STATES OF AMERICA
*(GENERAL MARITIME LAW – MAINTENANCE & CURE)*

46. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

47. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 and therefore denies same.

**WHEREFORE**, the defendant, The United States of America, prays that this Honorable Court dismiss with prejudice Count VII together with costs and reasonable attorney's fees.

## COUNT VIII

### CHARLES MENDES vs. THE UNITED STATES OF AMERICA
*(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE & CURE)*

48. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporates same as if fully set forth herein.

49. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 and therefore denies same.

50. The defendant denies the allegations contained in Paragraph No. 50.

51. The defendant denies the allegations contained in Paragraph No. 51.

52. The defendant denies the allegations contained in Paragraph No. 52.

**WHEREFORE**, the defendant, The United States of America, prays that this Honorable Court dismiss with prejudice Count VIII together with costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

The United States of America incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

1. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that this Court lacks subject matter jurisdiction to review discretionary functions of the Executive and Legislative Branches of the Government.

2.   **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that this Court lacks subject matter jurisdiction to award punitive damages or penalty wages.

3.   **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that this Court lacks subject matter jurisdiction to award more than four percent (4%) simple interest, post-judgment only.  46 U.S.C.A. §743; 46 U.S.C.A. §782;

4.   **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that this Court lacks subject matter jurisdiction to entertain direct actions against its agents or insurers, for the same reason that actions must lie against the United States of America exclusively.  46 U.S.C.A. §745.

5.   **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant, relying on plaintiff's allegation of place of residency, reserves the right to raise this affirmative defense that the U.S. District Court for the District of Massachusetts is not a proper forum or venue pursuant to 46 U.S.C.A. §782 if such allegation proves inaccurate.

6.   **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant, relying on plaintiff's allegation

of the date of accident, reserves the right to raise this affirmative defense that the Plaintiff's Complaint and Demand for Jury Trial is time barred pursuant to the provisions of 46 U.S.C.A. §745 if such allegation proves inaccurate.

**7.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that in the event that either 46 U.S.C.A. §740 and/or 28 U.S.C. §2675 applies to the facts on this case the Plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because he has failed to file an administrative claim, which is a jurisdictional prerequisite, pursuant to 46 U.S.C.A. §740 and 28 U.S.C. §2675.

**8.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate his damages.

**9.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to a jury trial pursuant to 46 U.S.C.A. §742.

**10.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from his own negligence and failure to exercise the degree of care and

skill reasonably required of a seaman and not due to any negligence or fault on the part of the defendant.

11. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants and/or agents.

12. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

13. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

14. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**15.   AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because of his failure to follow physician recommendations.

**16.   AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility for maintenance and cure.

**17.   AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**18.   AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and

concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**WHEREFORE**, the defendant, the United States of America, prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial together with costs and reasonable attorney's fees.

        Michael J. Sullivan
        United States Attorney

        Damon C. Miller
        Admiralty Attorney
        Torts Branh, Civil Division
        U.S. Department of Justice
        P.O. Box 14271
        Washington, D.C. 20044-4271
        (202) 616-4047

        **ATTORNEYS FOR THE UNITED STATES**

By:  "/s/Thomas J. Muzyka"____
        **Thomas J. Muzyka**
        **BBO NO: 365540**
        **CLINTON & MUZYKA, P.C.**
        One Washington Mall
        Suite 1400
        Boston, MA  02108
        (617) 723-9165

        **OF COUNSEL TO THE UNITED STATES**

Dated:  June 23, 2005