UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CHARLES MENDES,**
    **Plaintiff,**

**CIVIL ACTION**
**NO: 05-10912-DPW**

**VS.**

**UNITED STATES OF AMERICA,**
    **Defendants.**

## JOINT MOTION TO CONTINUE THE SEPTEMBER 14, 2006 MEDIATION BEFORE MAGISTRATE JUDGE BOWLER

Now come the parties, in the above-entitled action, by and through their undersigned attorneys, and respectfully move this Honorable Court to continue the Mediation presently scheduled for September 14, 2006 until October 19, 20, 23, 24 or 25, 2006.  As grounds in support, the parties submit the following for the Court's consideration.

1. The plaintiff instituted this action (Jones Act, Unseaworthiness, and Maintenance & Cure) to recover for personal injuries he sustained while serving onboard the defendant's vessel as its First Assistant Engineer.  Since the incident, the plaintiff has undergone three (3) surgical procedures to his dominant right wrist; with the most recent surgery (fusion) being performed at Massachusetts General Hospital on March 23, 2006.

2. On July 18, 2006, the defendant's medical expert (Dr. Edward Nalebuff) examined the plaintiff to determine his present condition, and to evaluate whether the plaintiff will be physically capable of returning to work as a Marine Engineer in the future.  Dr. Nalebuff could not complete his evaluation because the plaintiff, at that time, was only four (4) months

post-operatively.[1]  Dr. Nalebuff suggested that the plaintiff be re-examined in approximately three (3) months, at which time his condition will be re-evaluated.[2]

3. Dr. Nalebuff's opinion as to whether the plaintiff will be able to return to work as a Marine Engineer in the future will have an impact on settlement negotiations.  Accordingly, the parties request that the Mediation be re-scheduled until after his re-examination of the plaintiff and the defendant produces its expert disclosures.

**WHEREFORE**, the parties pray that this Honorable Court continue the September 14, 2006 Mediation until October 19, 20, 23, 24 or 25, 2006.  Continuing the Mediation until such times will not affect the Status Conference scheduled for October 26, 2006.

Respectfully submitted,

**FOR THE PLAINTIFF**

"/s/Carolyn M. Latti"__
Carolyn Latti, Esq.
BBO NO: 567394
LATTI & ANDERSON, LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

---

[1] Attached hereto as Exhibit "A" is a copy of Dr. Nalebuff's written report.

[2] Dr. Nalebuff is scheduled to re-examine the plaintiff on October 4, 2006.  Within a week of this examination, the defendant will produce its expert (medical, vocational, and economist) disclosures to the plaintiff.

**FOR THE DEFENDANT**

Michael J. Sullivan
United States Attorney

Damon C. Miller
Admiralty Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
(202) 616-4047

**ATTORNEYS FOR THE UNITED STATES**

By:   "/s/Thomas J. Muzyka"_____
      Thomas J. Muzyka
      BBO NO: 365540
      CLINTON & MUZYKA, P.C.
      One Washington Mall
      Suite 1400
      Boston, MA  02108
      (617) 723-9165

      **OF COUNSEL TO THE UNITED STATES OF AMERICA**


Dated: August 24, 2006



**Hand Surgical Associates, Inc.**

125 Parker Hill Avenue
Boston, MA 02120-3295
Tel: (617) 738-0857
Fax: (617) 731-3109
www.BostonHand.com

**Paul Feldon, M.D.**
Associate Clinical Professor
Orthopaedic Surgery

**Hervey L. Kimball, III, M.D.**
Clinical Instructor
Orthopaedic Surgery

**Edward A. Nalebuff, M.D.**
Clinical Professor
Orthopaedic Surgery
Chief, Hand Surgery Section NEBH

**Andrew L. Terrono, M.D.**
Associate Clinical Professor
Orthopaedic Surgery

July 18, 2006

Kenneth Chiarello, Esq.
Clinton & Muzyka, P.C.
1 Washington Mall #1400
Boston, MA 02108

Re: Charles Mendes
    Date of Birth: October 21, 1963
    Date of Examination: July 18, 2006

Dear Mr. Chiarello:

Charles Mendes returned to my office today for a reevaluation of his right wrist problem. I had the opportunity previously to examine him on August 31, 2005 at which time I noted that he had persistent problems related to a nonunion of the carpal scaphoid.

The history indicated that he had the original injury in the 1980's at which time he sustained a fracture of the carpal scaphoid. In spite of having a fibrous union, the patient had been able to carry out his work as a ship engineer. However, he sustained an injury in June of 2003 following which he had pain and swelling of the wrist. In October of 2003, x-rays were taken which showed that he had an established nonunion of the scaphoid. He was treated with attempted bone graft combined with a radial styloidectomy.

The patient was evaluated by Dr. Sang-Gil Lee in July of 2005 who had recommended a wrist arthroscopy and examination of the TFCC joint because the patient at that time was complaining of pain on the ulnar side of the wrist. He also had considered a repeat bone grafting of the scaphoid fracture using screw fixation.

At the time of my examination, I felt that the patient had a capacity for carrying out light work but not requiring heavy lifting or repetitive hammering. It was my opinion that arthrodesis of the wrist should be considered as a way of eliminating his pain and providing a strong wrist which would allow him to return to strenuous work.

The record of the Massachusetts General Hospital was reviewed and indicated that the patient did, in fact, undergo a wrist fusion on March 23, 2006. At the time of surgery, the scaphoid and triquetrum were excised and used as bone grafting material to obtain a fusion between the radius and the capitate. A dorsal plate and screws were used for stabilization.



Care of the Hand, Wrist, & Elbow

New England Baptist Bone
  and Joint Institute

Offices in:
• Boston
• Braintree
• Brighton
• Wellesley

Clinton & Muzyka, P.C.  Re: Charles Mendes
Page 2
July 18, 2006

The patient had an uncomplicated postoperative course and x-rays had reportedly shown evidence of consolidation of the fusion with good placement of the internal fixation device. According to the patient, he was told that there was some bone buildup in the wrist but he was not clear regarding the details. The patient has been cleared to return to light work not requiring heavy lifting and he is presently considering such a job.

He does complain of intermittent pain in the wrist, particularly on the dorsal ulnar aspect. This is associated with some intermittent tingling on the dorsum of the hand involving the small finger. This altered sensation is not on the volar side of the digit.

My examination reveals that the hand and wrist have a good appearance. There is a well-healed dorsal longitudinal scar which is non-tender. The alignment of the wrist is excellent. He demonstrates full flexion and extension of the fingers and makes a good fist. His grip strength was recorded at 60 pounds as compared to 80 pounds on the non-operated side. Sensation appeared to be intact. The wrist fusion itself appeared to be stable clinically. I could demonstrate no tenderness on the radial side of the wrist but over the radial ulnar joint, he did have local tenderness to pressure which reproduced the symptoms he is presently having.

Since no x-rays were available showing his present status, I did obtain up-to-date films which did, in fact, show what appears to be a healed wrist fusion. However, there is some bone buildup in the ulnar side of the radius with what appears to be irregularity between it and the distal ulna. This is the site of his local discomfort.

It is my feeling that this patient has had a successful wrist fusion but is having some persistent symptoms at the site between the radius and ulna. It is still quite early following his wrist fusion and this may subside over the next few months.

I am in agreement that this patient is capable of carrying out non-strenuous work at this time. I also feel that there is a distinct possibility that in a few more months, his symptoms will subside and he can return to his former work as a marine engineer. If his symptoms persist in the location between the radius and ulna, one might consider exploring the area with removal of the bone fragments or carrying out some revision of the distal ulna to eliminate any pain in this area.

I feel that the patient should not be considered as having reached an end result yet and should have a reevaluation in approximately three months to make this determination. Please feel free to contact me if you need additional information.

Sincerely,

Edward A. Nalebuff, M.D.

EAN:ba